

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF LLINOIS, EASTERN DIVISION

| | |
|---|---|
| TIBERIU KLEIN ) | **F I L E D** |
| Plaintiff ) | |
| vs. ) | MAR 0 8 2019 |
| ) | |
| DAVID A. NOVOSELSKY ) | THOMAS G. BRUTON |
| (Wisconsin resident) ) | CLERK, U.S. DISTRICT COURT |
| WILLIAM J. MADDUX in his individual and ) | |
| official capacity ) | Civil Action No.17 CV 7177 |
| DANIEL M. LOCALLO in his individual and ) | |
| official capacity ) | |
| WILLIAM J. HADDAD in his individual and ) | Honorable: **EDMOND E. CHANG** |
| official capacity ) | |
| GREYHOUND LINES, INC. ) | Magistrate Judge: **Michael T. Mason** |
| CRISTINA ZVUNCA(foreign national) ) | |
| MARIA ZVUNCA (foreign national) ) | |
| VASILE ZVUNCA (foreign national) ) | |
| MB FINANCIAL BANK, N.A. ) | |
| (Maryland corporation) ) | |
| Defendants ) | |

## MOTION PURSUANT TO F.R.C.P 60(b) TO VACATE ORDER AND JUDGMENT DOC. 138, DOC. 139 AND DISMISS CASE FOR LACK OF FEDERAL AND DIVERSITY JURISDICTION

Now comes Plaintiff Tiberiu Klein and respectfully brings this motion pursuant to

F.R.C.P. 60(b)(1), (2), (4), (5), (6) asking this court to vacate its order and judgment

on the merits, Doc # 138 and Doc #139 and dismiss the case for lack of federal subjet

matter jurisdiction and lack of diversity jurisdiction, and state:

### Facts

Plaintiff filed an amended complaint under complete diversity of jurisdiction

and one single federal count under 42 USC §1985 which was challenged by

MB Financial Bank as time barred due to more than two years from the

occurrence. No defendants challenged the diversity jurisdiction.

2

During the briefing on motions to dismiss, the appellate court issued an opinion in another case *Klein v. O'Brien 884 F. 3d 754 (March 9, 2018),* prohibiting Plaintiff to file certain type of federal lawsuit in this circuit, and defendants claim this court should dismiss the case based on that injunction. This court decided to continue the case after the appellate court entered the opinion in Klein v. O'Brien 884 F. 3d 754 (March 9, 2018) reasoning in its order from August 13, 2018 , Doc. 138, pg. 11-12 that it issues the opinion on the merits solely because the injunction may not apply to this case because it only referred to future cases, while expressing reservation of not having jurisdiction and authority to entertain this case on the merits due to that injunction. Doc. 138 page 11-12. Plaintiff then appealed.

During docketing the appeal on October 3, 2018 defendant MB Financial Bank, N.A filed a jurisdictional statement claiming that he was an Illinois citizen and the district court lacked diversity jurisdiction. **Exhibit 1**

That took Plaintiff by surprise because he knew of a federal case from 2004 when MB Financial Bank was sued under diversity of jurisdiction in this district. This time MB Financial Bank N.A., presented a Supreme Court decision from 2006 which changed the law in allowing national banks to have two domiciles for purpose of citizenship, which the Plaintiff was not aware and was hard to assume since he knew that only one domicile is possible. In addition Plaintiff was also surprised because MB Financial could have disclosed this information during the Motion under Fed. R. Civ. P. 59 filed by

Plaintiff earlier in September 2018, but chose to remain silent.

Upon receiving this information, Plaintiff requested the appellate court to dismiss the appeals for lack of jurisdiction and direct the district court to dismiss the case for lack of jurisdiction. **Exhibit 2**

On December 13, 2018 the appellate court denied the motion without prejudice for Plaintiff to seek a Circuit Rule 57 from this court, but also issued a rule to show cause against Plaintiff of why he continued this case after the circuit court entered the opinion in Klein v. O'Brien 884 F. 3d 754 (March 9, 2018). **Exhibit 3**

Plaintiff did not expected that knowing that when this issue was raised by defendant Greyhound, this court continued the case under belief that injunction in Klein v. O'Brien 884 F. 3d 754 (March 9, 2018) applies only to future cases. Also Plaintiff did not know what it mean to seek a Circuit Rule 57 from this court and on what kind of motion to come in front of this court when the case was closed. Plaintiff became afraid to pursue the appeals, realizing that would be dismissed for lack of jurisdiction either because of the injunction or because of lack of diversity of jurisdiction. Filing a brief when jurisdiction was lacking would have subjected him to sanctions.

On December 27, 2018 Plaintiff responded to the rule to show cause as reflected in **Exhibit 4.**

On January 22, 2019 the appellate court dismissed Plaintiff appeals for want of prosecution, declaring that the injunction in Klein v. O'Brien 884 F. 3d 754

(March 9, 2018) applied to this case starting with March 9, 2018. **Exhibit 5**

The appellate court further entered another order on February 22, 2019 to

award attorney fees incurred in the district court amounting $42,941 as

sanctions for plaintiff continuing to prosecute the case and a penalty of

$1,000. **Exhibit 6**

## Argument

**A. The determination by the appellate court that injunction in Klein**
*Klein v. O'Brien 884 F. 3d 754 (March 9, 2018)* **(March 9, 2018)**
**applied to this case, when the district court believed it did not,**
**and new evidence reflecting lack of diversity jurisdiction**
**qualifies as a reason to vacate the judgement pursuant to Fed. R.**
**Civ. P 60 (b) (1) (4), (5), (6) in favor of dismissal for lack of**
**jurisdiction**

    a. Fed. R. Civ. P 60 (b) (1), (2). It was a excusable mistake, neglect and

surprise for Plaintiff not to understand the opinion applies to existing

cases, which prevented Plaintiff to move for dismissal of the case based

on injunction earlier. This court was also under belief that it only

applies to future cases, which makes a compelling argument that

Plaintiff has an excusable neglect or excusable mistake or surprise.

It was also an excusable mistake, neglect, surprise and newly

discovered evidence which could not be discovered in time for a Rue 59,

that MB Financial Ban. N.A could have two domiciles and be deemed

an Illinois Citizen, especially since MB Financial chose to conceal this

aspect, while Plaintiff had a reasonably expectancy that their attorney

have an obligation to disclose lack of diversity jurisdiction to the Court.

*Espinueva v. Garrett*, 895 F.2d 1164, 1166 (7th Cir. 1990), and should have done so promptly, not for the first time in appeal. See: *Perlman v. Swiss Bank Comprehensive Disability Protection Plan*, 195 F.3d 975,977-78 (7th Cir. 1999). The Plaintiff cannot explain why MB Financial did that, except that either they hoped to obtain a dismissal on the merits in federal court to avoid the state court where defendant Novoselsky was already sanctioned or after they saw the appellate court entire the injunction in *Klein v. O'Brien 884 F. 3d 754 (March 9, 2018)* they calculated their silence as such to seek sanctions, which they obtained.

b. Fed. R. Civ. P 60 (b) (4), (6) The order on the merits is void because the Plaintiff was enjoined to pursue federal lawsuits in this circuit and as result he could not generate a controversy necessary for this Court under Article III of US Constitution to assert jurisdiction over this case. Absence of jurisdiction leads to the order as to merits to become void and the requirement that court dismiss the case for lack of jurisdiction. *Steel Co. v. Citizens for Better Environment*, 523 U.S. 83 (1998).

c. Fed. R. Civ. P 60 (b), (5). Applying this judgment prospectively is no longer equitable because after Plaintiff was enjoined and was sanctioned $ 42,941 by the appellate court it is no longer equitable to also maintain a judgment on the merits. In fact maintaining a

judgment on the merits would have the legal effect of negating the injunction to prosecute case, while Plaintiff still be required to pay $42,941 as sanction for violating injunction not recognized by this court, which is absurd and inequitable.

## B. The court could not have supplemental jurisdiction over state claim absent diversity jurisdiction as result of the injunction in *Klein v. O'Brien 884 F. 3d 754 (March 9, 2018) and Plaintiff complaint not requesting supplemental jurisdiction, and those must be dismissed for lack of jurisdiction.*

The evidence from MB Financial Bank, N.A. showing the district Court lacked diversity jurisdiction requires dismissal of state claims for lack of jurisdiction because on its face, the Plaintiff did not requested from this court in his amended complaint to assert supplemental jurisdiction over state claims. The lack of diversity jurisdiction applies to the date when the complaint was filed and predates the injunction in *Klein v. O'Brien 884 F. 3d 754 (March 9, 2018),* wherefore all the state claims filed should be dismissed for lack of jurisdiction regardless of the injunction otherwise it would conflict with Article III of U.S. Constitution and *Steel v. Citizens For Better Environment, 523 U.S. 83 (1998).*

Then the enforcement of the injunction in *Klein v. O'Brien 884 F. 3d 754 (March 9, 2018)* deprives this court of jurisdiction or power to entertain the federal claim or without a controversy as to the federal claim as required in Article III of US Constitution, wherefore it could not assert supplemental jurisdiction anyway. The directive of the United States

Supreme Court is to dismiss for lack of subject matter jurisdiction. See:

*Steel v. Citizens For Better Environment, 523 U.S. 83 (1998)*

**C. The 7th Circuit dismissed appeals for want of prosecution, but in its order specified (a) that Plaintiff was enjoined to maintain the case 17cv7177, (b) the lawsuit was *"jurisdictional frivolous"***

Bot declarations (a) and (b) directly implies the case was advanced by this

court in absence of federal jurisdiction and lack of controversy needed

under Article III, and means that Plaintiff could not have obtained relief

in this district where he filed suit even if his case would have been

meritorious. This satisfies the prong set by United States Supreme Court

in in *Steel v. Citizens For Better Environment, 523 U.S. 83 (1998)* that the

decision of this court issued on August 13, 2018 was mere hypothetical

and absent of elements of controversy required under Article III. The

court has an obligation to follow the United States Supreme Court

directive in *Steel v. Citizens For Better Environment, 523 U.S. 83 (1998)*

and dismiss the case for lack of jurisdiction.

**D. This court ruling that it does not have jurisdiction and authority to entertain the merits of this case if the Seventh Circuit decides that injunction in *Klein v. O'Brien 884 F. 3d 754 (March 9, 2018)* applies to this case is binding on this court to vacate the decision on the merits and dismiss for lack of jurisdiction, because its assumption of jurisdiction was incorrect. *Steel v. Citizens For Better Environment, 523 U.S. 83 (1998)***

The United States Supreme Court in *Steel v. Citizens For Better*

*Environment, 523 U.S. 83 (1998)* decided that hypothetical discussion on

deciding the merits shall be abandoned in favor of dismissal for lack of

jurisdiction and that lack of jurisdiction cannot exists with a decision on merits, because the first renders the other void.

This court presented in its opinion from August 13th, 2018 at page 11-12, a hypothetical decision on the merits incumbent on whether the appellate court would decide that injunction applies to this case, which is reflected in the following paragraphs:

"The Seventh Circuit explained that Klein was "not entitled to divert the time of federal judges ... from the needs of more deserving litigants," and advised Klein that "[a]ny further federal litigation related to the 2002 accident, and the state suits to which it gave rise, will be penalized." Id.

In light of those statements, *the proper step might be to dismiss this lawsuit immediately without in-depth analysis.* But it is not crystal clear that summary dismissal is the proper approach. First, this case was filed well before the Seventh Circuit opinion issued, *and it is not obvious whether that opinion meant to dispose of existing lawsuits.* See id. ("Any further federal litigation ... will be penalized.") (emphasis added). Nor did the Seventh Circuit take formal steps to shut down already-pending cases. Finally, although the Court was wary of imposing yet more costs on the defendants to this

lawsuit, the lion's share of the work of the briefing was complete by the time the Seventh Circuit issued its opinion. All that remained was to file reply briefs. *On balance, and out of an abundance of caution, the Court elected to proceed with the briefing schedule and to address Klein's claims on their merits.* **Of course, if the Court misinterpreted the admonition, then the Seventh Circuit no doubt will make that clear** during the almost-certain appeal that Klein will file after the dismissal of this case."

The phrase: "[t]he proper step might be to dismiss this lawsuit immediately without in-depth analysis." acknowledges the relief is to dismiss the case for lack of jurisdiction if the injunction applies. The phrase: "[O]n balance, and out of an abundance of caution, the Court elected to proceed with the briefing schedule and to address Klein's claims on their merits" acknowledges that the court is entertaining the merits hypothetical.

The phrase: "[O]f course, if the Court misinterpreted the admonition, then the Seventh Circuit no doubt will make that clear" acknowledges the this court awaited from Seventh Circuit to decide whether injunction applies upon which would vacate the order and judgment of August 13th, 2018, Doc. 138 and 139.

Because the court order of August 13th, 2018, Doc. 138, incorporates and maintains viable the alternative of dismissing the case without deciding the merits incumbent of the Seventh Circuit determination as to applicability of the injunction and the Seventh Circuit wanted to know this court position as indicative ruling, this court must vacate the order and judgement and dismiss this case for lack of jurisdiction not on the merits.

Because the injunction was retroactive, this court lacked controversy retroactively before the issuance of the order of August 13th, 2019 thus is bound to dismiss for lack of jurisdiction, nunc pro tunc, accordingly to *Steel v. Citizens For Better Environment, 523 U.S. 83 (1998)*.

*In addition, Steel v. Citizens For Better Environment, 523 U.S. 83 (1998)* deems such an order void and of no effect, therefore it is in the interest of justice as well a court obligation toward a Supreme Court Opinion to vacate the order and enter the dismissal for lack of jurisdiction.

Respectfully submitted this date of March 8th, 2019

Tiberiu Klein -pro-se
11840 Covey Lane
Huntley, IL -60712,
312-806 8475

## CERTIFICATE OF SERVICE

I, the undersigned respectfully state that I served a copy of the said Motion and Notice to the Defendants attorneys at the service provided in the service list, by depositing a copy with the US Postal Service with proper postage on March 9th , 2019, before 5:00 p.m.

Tiberiu Klein

# SERVICE LIST

Defendant David A. Novoselsky (*pro se*)
**25 North County Street, 1st Floor Waukegan, IL 60085**
(847) 782-5800
dnovo@novoselsky.com service@novoselsky.com

Defendant MB Financial Bank, N.A.
James E. Dahl Christopher J. Miller Dahl & Bonadies LLC
30 North LaSalle, Suite 1500
Chicago, IL 60602
(312) 641-3245
jdahl@dahlfirm.com cmiller@dahlfirm.com

**Defendants William J. Maddux, Daniel M.**
**Locallo and William J. Haddad**
Michael T. Dierkes
Illinois Attorney General's
Office 100 West Randolph Street,
13th Floor Chicago, IL 60601
(312) 814-3672
mdierkes@atg.state.il.us

NIELSEN, ZEHE & ANTAS, P.C.
55 West Monroe Street, Suite 1800
Chicago, IL 60603-5001
Tel:     (312) 322-9900
Fax:    (312) 322-9977
Email: pbozych@nzalaw.com
pjayakumar@nzalaw.com
*Counsel for Greyhound Lines, Inc.*

# EXHIBIT 1

**Appeal No. 18-2977**

## UNITED STATES COURT OF APPEALS
## FOR THE SEVENTH CIRCUIT

| | | |
|---|---|---|
| TIBERIU KLEIN, | ) | Appeal from the United States District |
| | ) | Court for the Northern District of Illinois, |
| Plaintiff-Appellant, | ) | Eastern Division |
| | ) | |
| No. 18-2977      v. | ) | No. 17-cv-07177 |
| | ) | |
| DAVID A. NOVOSELSKY, et al., | ) | Honorable Edmond E. Chang |
| | ) | |
| Defendants-Appellees. | ) | |

## DEFENDANT-APPELLEE, MB FINANCIAL BANK, N.A.'S
## DOCKETING STATEMENT

Defendant-Appellee, MB Financial Bank, N.A. ("MB"), by and through its attorney

James E. Dahl, submits, pursuant to Circuit Rule 3(c)(1) and 28(a), the following docketing

statement in order to correct and complete the docketing statement filed by Plaintiff-Appellant,

Tiberiu Klein, on September 19, 2018 (Doc. #5):

### I.
### STATEMENT OF JURISDICTION
### FOR THE UNITED STATES DISTRICT COURT

Plaintiff-Appellant brought claims against MB and other the defendants-appellees

alleging that, during the state and federal lawsuits that arose from the 2002 death of Plaintiff-

Appellant's wife, Claudia Zvunca, MB entered into a far-reaching conspiracy with three Cook

County judges, lawyer David Novoselsky, and Greyhound to violate Plaintiff-Appellant's civil rights

under 42 U.S.C. § 1985(3). The United States District Court for the Northern District of Illinois,

Eastern Division (the "District Court"), thus had subject matter jurisdiction pursuant to 28 U.S.C.

§ 1331 and 28 U.S.C. § 1343(a).

1

With respect to the Illinois state law claims asserted by Plaintiff-Appellant against MB and the other defendant-appellees in his First Amended Complaint ("Amended Complaint;" Dist. Ct. Doc. #51), the District Court had supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a), at least until such time as it may have dismissed Plaintiff-Appellant's claims under 42 U.S.C. § 1985(3).

Plaintiff-Appellant incorrectly states in his Docketing Statement that the District Court also had jurisdiction pursuant to 28 U.S.C. § 1332(a). A national bank "is a citizen of the State in which its main office, as set forth in its articles of association, is located." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 303 (2006); *see also* 28 U.S.C. § 1348. MB is a national banking association whose main office is located in the State of Illinois at 800 West Madison Street, Chicago. MB is thus a citizen of the state of Illinois for purposes of 28 U.S.C. § 1332(a). Therefore, because MB and Plaintiff-Appellant are both citizens of Illinois, there is not complete diversity between the plaintiff and all of the defendants, as required for the District Court to have jurisdiction pursuant to 28 U.S.C. § 1332(a).

The District Court, however, did not make any determination or finding with respect to whether it had jurisdiction pursuant to 28 U.S.C. § 1332(a) because it had jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a).

## II.
## STATEMENT OF JURISDICTION FOR THE UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT

The United States Court of Appeals for the Seventh Circuit has jurisdiction of this Appeal pursuant to 28 U.S.C. § 1291 and 28 U.S.C. § 1294(1).

Plaintiff-Appellant seeks review of the District Court's "Judgement In A Civil Case" (the "Final Judgment;" Dist. Ct. Doc. #139) and its corresponding "Memorandum Opinion And

2

Order" (Dist. Ct. Doc. #138), both of which were entered on August 13, 2018, and which dismissed Plaintiff-Appellant's Amended Complaint *with prejudice*. Plaintiff-Appellant also seeks review of orders entered by the District Court prior to the "Judgement In A Civil Case" and its "Memorandum Opinion And Order," which include the District Court's: (1) July 18, 2018 order (Dist. Ct. Doc. #130); (2) July 7, 2018 order (Dist. Ct. Doc. #120); (3) June 27, 2018 order (Dist. Ct. Doc. #112); (4) June 1, 2018 order (Dist. Ct. Doc. #109); (5) May 16, 2018 order (Dist. Ct. Doc. #97); (6) April 2, 2018 order (Dist. Ct. Doc. #77); (7) March 14, 2018 order (Dist. Ct. Doc. #71); and (8) January 23, 2018 order (Dist. Ct. Doc. #54).

On September 10, 2018, Plaintiff-Appellant filed a "Motion To Vacate Order Docket #138 And Vacate Judgment #139 Pursuant to FRCP 59 And 60(b) And Stay," which sought to vacate the District Court's August 13, 2018 Final Judgment and Memorandum Opinion And Order. (Dist. Ct. Doc. #140).

On September 12, 2018, Plaintiff-Appellant filed his Notice of Appeal.

On September 26, 2018, the District Court denied Plaintiff-Appellant's "Motion to Vacate Judgment." (Dist. Ct. Doc. #149.)

This is thus an Appeal from a final judgment and order that adjudicated all of the claims with respect to all parties, and no parties or issues remain in the District Court.

This is not a direct appeal from the decision of a magistrate judge.

## III.
## RELATED APPELLATE PROCEEDINGS

Circuit Rule 3(c) provides that "if the party believes that earlier appellate proceedings are sufficiently related to the new appeal, the statement must identify these proceedings by caption and number." Plaintiff-Appellant's Docketing Statement did not identify any related appellate proceedings.

3

The District Court, however, based its Final Judgment, in part, upon claim preclusion arising out of another federal lawsuit filed by Plaintiff-Appellant, entitled *Tiberiu Klein v. Daniel O'Brien, et al.*, which was previously pending in the United States District Court for the Northern District of Illinois, Eastern Division, as Case No. 2016-cv-11008 (the "2016 Federal Lawsuit"). After the District Court in the 2016 Federal Lawsuit dismissed Plaintiff-Appellant's claims *with prejudice*, Plaintiff-Appellant appealed to this Court as Appellate Case No. 2017-2802 and entitled *Tiberiu Klein v. Daniel O'Brien, et al.* (the "2016 Appeal").

On March 9, 2018, this Court decided the 2016 Appeal and affirmed the District Court's dismissal of Plaintiff-Appellant's claims *with prejudice*. *See Klein v. O'Brien*, 884 F.3d 754 (7th Cir. 2018), *cert. denied*, 18-79, 2018 WL 3439473 (U.S. Oct. 1, 2018). In its March 9, 2018 decision, this Court stated, in pertinent part, as follows:

> Klein and Xydakis [Klein's then-attorney] have caused havoc in the tort litigation. They are not entitled to divert the time of federal judges, too, from the needs of more deserving litigants. Klein and Xydakis must understand that they have reached the end of the line in federal court. Any further federal litigation related to the 2002 accident, and the state suits to which it gave rise, will be penalized under Fed. R. Civ. P. 11(c), Fed. R. App. P. 38 and 46(b), (c), 28 U.S.C. § 1927, and other sources of authority to deal with frivolous and repetitious suits.

*Klein v. O'Brien*, 884 F.3d at 757–58.

For these reasons, the 2016 Appeal is sufficiently related to this Appeal such that it should be identified under Circuit Rule 3(c)(2).

Dated: October 3, 2018

JAMES E. DAHL (0568724)
DAHL & BONADIES, LLC
30 North LaSalle Street, Suite 1500
Chicago, IL  60602
(312) 641-3245
jdahl@dahlfirm.com

Respectfully submitted,

MB FINANCIAL BANK, N.A.

By:    /s/ James E. Dahl
       One of Its Attorneys

**Appeal No. 18-2977**

## UNITED STATES COURT OF APPEALS
### FOR THE SEVENTH CIRCUIT

| | | |
|---|---|---|
| TIBERIU KLEIN, | ) | Appeal from the United States District |
| | ) | Court for the Northern District of Illinois, |
| Plaintiff-Appellant, | ) | Eastern Division |
| | ) | |
| No. 18-2977    v. | ) | No. 17-cv-07177 |
| | ) | |
| DAVID A. NOVOSELSKY, et al., | ) | Honorable Edmond E. Chang |
| | ) | |
| Defendants-Appellees. | ) | |

## CERTIFICATE OF SERVICE

The undersigned, an attorney for defendant, MB Financial Bank, N.A., hereby certifies that **"Defendant-Appellee, MB Financial Bank, N.A.'s Docketing Statement"** was served on October 3, 2018, with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. I further certify that some of the participants in the case are not CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid to the following non-CM/ECF participants:

Plaintiff-Appellant                         Plaintiff-Appellant
Tiberiu Klein                               Tiberiu Klein
6914 N. Kolmar Avenue                       11840 Covey Ln.
Lincolnwood, IL 60712                       Huntley, IL 60712.

By: /s/ James E. Dahl
Attorney For Defendant,
MB Financial Bank, N.A.

JAMES E. DAHL (0568724)
DAHL & BONADIES, LLC
30 North LaSalle Street, Suite 1500
Chicago, IL 60602
(312) 641-3245
jdahl@dahlfirm.com

# EXHIBIT 2

DEC 0 6 2018 CM

GINO J. AGNELLO
CLERK

No. 18-2977, No. 18-3337 (consol.)

UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT

Appeal No. 18-2977
Appeal No. 18-3337, consolidated
From Case No. 17 CV 7177

Tiberiu Klein                                              )
  Plaintiff                                      )
David Novoselsky, a Wisconsin Resident                     )     Hon. Judge Edmond E. Chang
MB Financial Bank, a Maryland Corporation                  )     Diversity Jurisdiction, excess of $75,000
Greyhound Lines, Inc. a foreign Delaware Corp.             )
                                                           ) **Appeal** following Final Judgements and Orders
                                                           ) 1. **August 13,2018** and all orders in progression
  Defendants                                     ) 2. September 26, 2018, Denial of Rule 59(e)

## Plaintiff Motion To Remand The Case For Dismissal Without Prejudice Upon Grounds Of Lack Of Jurisdiction, Lack of Diversity, Mootnes And Previous Appellate Opinion

NOW COME Plaintiff-appellant and pursuant to F.R.A.P. 27 respectfully request for an order

pursuant to principle enunciated in Mitchell v. Wall,808 F.3d 1174, 1176 (7th Cir. 2015) vacating

the order of district court and dismiss the case without prejudice and in support states as follows:

1. This Motion is brought pursuant to the obligation of a litigant to raise jurisdictional

deficiencies as early as practicable as those were signaled, Espinueva v. Garrett , 895 F.2d 1164,

1166 (7th Cir. 1990), Heinen v. Northrop Grumman Corp., 671 F.3d 669, 670 (7th Cir. 2012).

2. One of the defendants, MB Financial Bank, N.A signaled only recently in their docketing

statement filed in Appeal No. 18-2977 (app. Doc. 11) that he was a non diverse party and district

court lacked diversity jurisdiction meaning Plaintiff filed state claims in error in federal court.

3. The only remaining claim of Plaintiff complaint after eliminating the non-diverse claims,

is a federal question claim alleging a violation of civil rights 42 USC § 1985(3) resulted during a

litigation surrounding the death of Plaintiff's wife in Circuit Court of Cook County.

4. But after Plaintiff filed this suit, during the briefing on motion to dismiss, the district

court became appraised by defendants that Plaintiff's federal claim appears to have been

prohibited by a decision of Seventh Circuit entered in another case which was already in appeal

1

Klein v. O'Brien, 884 F. 3d 754, containing language requiring district court not to hear claims resulting from accident or accident litigation.

5. Plaintiff complaint and defendants had not previously requested the district court to assert supplemental jurisdiction over what now appears to be state claims, and Plaintiff has no intention to request such supplemental jurisdiction in appeal, as it appears those claims are also not permitted to be heard in the district court by requirement of Klein v. O'Brien, 884 F. 3d 754.

6. Plaintiff offered the district court to sever all the accident related claims [Dist. Ct. Doc. 116] and would not have filed this appeal if the district court would have refused to hear the case at the time the Seventh Circuit in Klein v. O'Brien, 884 F. 3d 754 was issued.

7. The position of district court was of having doubts and deferred to the Seventh Circuit to clarify on whether it can hear the case as evidenced in the opinion. **Exhibit 1**

8. The Plaintiff believes that since the opinion in Klein v. O'Brien, 884 F. 3d 754 was issued after the motion to dismiss were filed, it would be fair and equitable that Plaintiff would is given an opportunity to withdraw the federal lawsuit without prejudice.

9. As the district court opinion reflects the Plaintiff was not even allowed to amend the complaint as result of the fact the opinion Klein v. O'Brien, 884 F. 3d 754 was issued.

10. Because it appears that diversity jurisdiction and authority to hear the case was lacking at district level, the appellate practice recommended by Practitioner's Handbook For Appeals for the Seventh Circuit and by Seventh Circuit case law is that Plaintiff must seek the relief of vacatur from the appellate court that the case be remanded to the District Court for an order dismissing the case without prejudice. Mitchell v. Wall , 808 F.3d 1174, 1176 (7th Cir. 2015)

11. The Plaintiff filed a docketing statement (app. Doc.2) which timely announced the two jurisdictional problems posed by the absence of complete diversity and Klein v. O'Brien, 884 F.

3d 754.

## Mootness

12. In addition, Plaintiff research with the Comptroller of Currency official website as to defendant MB Financial Bank N.A. revealed that they had no application and no authorization issued from the U.S. Comptroller of the Currency to act as trustee in a position of administrator of estate of deceased and guardian of minors in civil actions.

13. Plaintiff awaits a response from the Comptroller of Currency under Freedom Of Information Act which is scheduled to arrive within the next twenty days. **Exhibit 2**

14. Thus in addition of diversity of jurisdiction being lacking, the Plaintiff complaint which in all the counts alleged existence of a fiduciary duty by MB Financial N.A. and Novoselsky as their agent, or a breach of fiduciary duties, became moot by the fact MB Financial Bank N.A. could not without being authorized by the Comptroller to fulfill such position of fiduciary duty.

15. If any complex fraud is revealed, at first blush it seems that Plaintiff must first complain to the Comptroller of Currency and further is unclear whether he or the Comptroller to pursue a civil action, and if diversity does not exist the issue must be addressed with a state court.

16. Without existence of a position of fiduciary duty, the issue became moot and there can be no federal controversy as to a duty, and a meaningful relief from appellate court on any issue premised on existence of fiduciary duty cannot be obtained and will be just hypothetical. Flynn v. Sandahl , 58 F.3d 283, 287 (7thCir. 1995)

17. The parties may not consent to appellate jurisdiction. Tradesman International, Inc. v. Black, 724 F.3d 1004,1010(7th Cir. 2013); United States v. Smith , 992F.2d 98,99 (7th Cir. 1993); see also United States v. Tittjung , 235 F.3d 330, 335 (7th Cir. 2000). Similarly, the court itself may not, as a rule, choose to pass on jurisdictional issues and decide the case on the merits.

3

Steel Co. v. Citizens For A Better Environment 523 U.S. 83, 94-102 (1998).

WHEREFORE the Plaintiff respectfully moves for the entry one of the following reliefs:

A. _____ Vacatur by remanding the case to the district court to dismiss the entire case or the state claims without prejudice for the reasons of lack of jurisdiction and complete diversity and mootness, as such that Plaintiff will not be prejudiced in re-filing the suit in state courts as in Mitchell v. Wall , 808 F.3d 1174, 1176 (7thCir. 2015) OR

B. _____ In Alternative for an order remanding the case to district court only to dismiss state claims without prejudice, and allowing Plaintiff the voluntarily withdrawing of the federal question claim without prejudice as to avoid violation of an injunction.

C. _____ In Alternative to modify the injunction issued in Klein v. O'Brien, 884 F. 3d 754 as to this case, or to clarify that is inapplicable to this case, and reset the briefing schedule so that Plaintiff can file a brief without fearing that he would violate anything set in the previous Seventh Circuit opinion.

Respectfully submitted this date of December 6, 2018,

Tiberiu Klein

New address:                    Old address:
11840 Covey Ln                  C/O Ioan Rusu
Huntley, IL-60142               6914 N Kolmar
(312)8068475                    Lincolnwood IL-60712

4

# EXHIBIT 3

# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT

Everett McKinley Dirksen United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604



Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

## ORDER

December 13, 2018

*By the Court:*

| | |
|---|---|
| Nos. 18-2977, 18-3337 | TIBERIU KLEIN,<br>Plaintiff - Appellant<br><br>v.<br><br>DAVID A. NOVOSELSKY, et al.,<br>Defendants - Appellees |

| **Originating Case Information:** |
|---|
| District Court No: 1:17-cv-07177<br>Northern District of Illinois, Eastern Division<br>District Judge Edmond E. Chang |

Upon consideration of the **PLAINTIFF MOTION TO REMAND THE CASE FOR DISMISSAL WITHOUT PREJUDICE UPON GROUNDS OF LACK OF JURISDICTION, LACK OF DIVERSITY, MOOTNESS AND PREVIOUS APPELLATE OPINION**, filed on December 6, 2018, by the pro se appellant.

**IT IS ORDERED** that this motion is **DENIED**, but without prejudice to renewal under Circuit Rule 57 if the district judge issues an order indicating his willingness to dismiss the suit without prejudice for lack of jurisdiction.

Whether or not the district judge so indicates, Klein must within 14 days show cause why he should not be subject to sanctions, including an order under *Support Systems International, Inc. v. Mack,* 45 F.3d 185 (7th Cir. 1995), for continuing to file suits in federal court despite the warning contained in this court's prior opinion.

EXHIBIT 4

## No. 18-2977, No. 18-3337 (consol.)
# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT

Tiberiu Klein ) Appeal From Case No. 17 CV 7177
Plaintiff-appellant )
David Novoselsky, a Wisconsin Resident ) Hon. Edmond E. Chang
MB Financial Bank, a Maryland Corporation )
Greyhound Lines, Inc. a foreign Delaware Corp. )
Defendants -appellee )

U.S.C.A. – 7th Circuit
R E C E I V E D
DEC 27 2018 DS
GINO J. AGNELLO
CLERK

# Plaintiff-Appellant Response To Show Cause

The Plaintiff, Tiberiu Klein, brings the following arguments and exhibits in

support of why not he should be subject to sanctions:

### Introduction

The previous opinion in *Klein v. O'Brien 884 F. 3d 754* (March 9, 2018) was

aimed to stop litigation in the federal courts of this circuit as to matters arousing

from an out of state accident and accident litigation. However defendant Novoselsky

filed two contemporaneous federal lawsuits in Eastern District Of Wisconsin,

Milwaukee in regard to matters arousing from accident litigation, No. 17cv427 and

17cv477 seeking relief either against the estate of Plaintiff's wife, either against

Plaintiff's attorney. **Exhibit 1**

Plaintiff could have been demanded by the federal court or by Novoselsky or

other defendants to join as necessary party in any of those suits and be in a position

to counterclaim had Novoselsky been able to carry those suits further due to the fact

Novoselsky was hired actually by Plaintiff, not by the estate of Plaintiff's wife as

was alleged in 17cv427, or because Novoselsky alleged in 17cv477 that Plaintiff

1

attorney defrauded and acted without authorization when suing him in a case where Plaintiff interest was involved as beneficiary and as bankruptcy creditor.

Plaintiff federal suit for corruption to deprive of constitutional rights 42USC§1985(3) and defamation against Novoselsky commenced about the same time as Novosesky filed his two federal suits. The sanction should not enter when the Plaintiff opponent used the federal court belonging to the same circuit at the same time and as to same related matter.

It is Plaintiff understanding that the issue of false arrest for exercising a constitutional right to appeal in Illinois state court is excepted from federal preclusion accordingly with Support Systems International, Inc. v. Mack, 45 F. 3d 185 (7th Cir. 1995). No federal lawsuit filed by Plaintiff is currently pending.

## ARGUMENT

1. Sanction should not issue because Plaintiff asked the district court to sever the federal lawsuit after the 7th Circuit Opinion issued claims [Dist. Ct. Doc. 116] and district court was uncertain if the opinion applies.

The record reveals clearly that Plaintiff asked the district court to sever any issue that may fall under the incidence of the opinion [District Court Docket 116]. Plaintiff relied in the district court judge in interpreting the appellate opinion of this circuit, and if the district court was uncertain if that applies, the Plaintiff should not be sanctioned. Court Opinion at page 12: "[B]ut it is not crystal clear that summary dismissal is the proper approach. First, this case was filed well before the Seventh Circuit opinion issued, and it is not obvious whether that opinion meant to dispose of existing lawsuits. See id. ("Any further federal litigation ... will be penalized.")

2

(emphasis added). Nor did the Seventh Circuit take formal steps to shut down already-pending cases."

There was no possibility for Plaintiff to anticipate that an injunction will issue by Seventh Circuit in *Klein v. O'Brien 884 F. 3d 754* (March 9, 2018) before he filed the federal lawsuit 17cv7177. The fact Plaintiff asked the district court to sever anything that came under the incidence of the injunction after becoming aware, should advocate for not entering any sanction.

2. Issues regarding false arrest by state courts are exceptions from the preclusion power of federal courts accordingly with Support Systems International, Inc. v. Mack, 45 F. 3d 185 (7th Cir. 1995).

This court is aware that another issue raised by plaintiff with federal court was in regard to a false arrest which was made by circuit court when Plaintiff appealed a decision to the state appellate court. Plaintiff believes there is no need to address such issue since this qualify as exception under Support Systems International, Inc. v. Mack, 45 F. 3d 185 (7th Cir. 1995). "[W]e make an exception for any criminal case in which Mack is a defendant and for any application for habeas corpus that he may wish to file. That is, we will not impede him from making any filings necessary to protect him from imprisonment or other confinement, but we will not let him file any paper in any other suit in the federal courts of this circuit until he pays the money he owes."

3. A sanction would create a double standard because the federal record reflects that Defendant Novoselsky filed two contemporaneous federal lawsuits directed against estate of Plaintiff deceased's wife and his attorney.

Plaintiff opponent filed two federal lawsuits 17cv427 and 17cv477 which could have affected Plaintiff interest. If an estate of Plaintiff wife would have been found liable for Mr. Novoselsky fess, the one responsible for payment of fess would have been no others than the heirs and Plaintiff was the one who hired with a written contract Mr. Novosesky when the other heir was a minor having no responsibility. Also Mr. Novoselsky making claims of an attorney who represented Plaintiff lacking authorization to sue him was meant to deprive those represented by attorney. As long Plaintiff opponent used the federal forum in regard to a matter that fits the injunction, a sanction should not be applied unilaterally to Plaintiff, as that would create an inequality of chances and double standard.

4. Under the strict reading of the federal law 42 USC§1986 and US Constitution Plaintiff either had an obligation or he did what any other citizen would do.

Unlike other litigants that come under sanctions for filing frivolous lawsuit such in Support Systems International, Inc. v. Mack, 45 F. 3d 185 (7th Cir. 1995), Plaintiff lawsuit was not at all frivolous, and Plaintiff not observing lack of diversity jurisdiction was a mistake hard not to make as to a national bank association.

Any attorney having a license in United states would have filed a federal lawsuit after The Illinois state appellate court decision in Cushing v. Greyhound, 2013 IL App 1st 103197 (May 16th, 2013) described corruption of Illinois state court judges by defendant Novoselsky which encouraged the filing of this federal lawsuit. Plaintiff had direct knowledge of this corruption from Novoselsky and Plaintiff was the one exposing Novoselsky emails described in that appellate opinion. Plaintiff had an

4

obligation under 42 USC § 1986 to take action against this corruption, especially since Novoselsky tried to evade the consequences and clean up state actors when declared in a national newspaper Chicago Tribune in September 8th, 2013 and in front of Illinois Supreme Court that Plaintiff fabricated the emails.

Any attorney having a license in United States instead of Plaintiff would had filed lawsuit after defendant Novoselsky was suspended by Illinois Supreme Court and after being sanctioned $100,000 an already determined by a circuit Judge Lorna Propes as defrauding courts and litigants. **Exhibit 2**

In fact at her deposition in Novosesky disciplinary proceedings, Judge Lorna Propes described Plaintiff as being much smarter and even more knowledgeable than most of the attorneys that came in front of her. **Exhibit 3**

WHEREFORE the respondent Tiberiu Klein respectfully requests this Honorable Court not to enter any sanction, save upon Plaintiff word that he will not file any lawsuit in this federal district of the type described by the injunction in *Klein v. O'Brien 884 F. 3d 754* (March 9, 2018) and of not being put in a situation to defend against another federal lawsuit initiated by an opponent on related matters.

Respectfully submitted this date of December 27, 2018,

Tiberiu Klein

New address:
11840 Covey Ln
Huntley, IL-60142
(312)8068475

Old address:
C/O Ioan Rusu
6914 N Kolmar
Lincolnwood IL-60712

# CERTIFICATE OF SERVICE

The undersigned, Tiberiu Klein, non-attorney pro se, does hereby certify under penalties of perjury as provided by law, that he served a copy of this Response upon all parties by submitting a copy to defendants known addresses and depositing in mailing with the United States Postal Office on December 27th, 2018.

By: Tiberiu Klein

# EXHIBIT 5

**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604
Submitted December 12, 2018
Decided January 22, 2019

### Before

DIANE P. WOOD, *Chief Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

Nos. 18-2977 & 18-3337

TIBERIU KLEIN,
  *Plaintiff-Appellant,*

  *v.*

DAVID A. NOVOSELSKY, *et al.,*
  *Defendants-Appellees.*

Appeals from the United
States District Court for
the Northern District of
Illinois, Eastern Division.

No. 17 C 7177
Edmond E. Chang, *Judge.*

### Order

Last March this court affirmed a district court's order rejecting contentions—most of them repetitious, and many of them vexatious—that Tiberiu Klein has been asserting for more than a decade, arising from a 2002 accident. We ended with this admonition:

Klein and [his lawyer] have caused havoc in the tort litigation [in several state courts]. They are not entitled to divert the time of federal judges,

too, from the needs of more deserving litigants. Klein and [the lawyer] must understand that they have reached the end of the line in federal court. Any further federal litigation related to the 2002 accident, and the state suits to which it gave rise, will be penalized under Fed. R. Civ. P. 11(c), Fed. R. App. P. 38 and 46(b), (c), 28 U.S.C. §1927, and other sources of authority to deal with frivolous and repetitious suits.

*Klein v. O'Brien*, 884 F.3d 754, 757–58 (7th Cir. 2018).

We learned after the fact that "further litigation" was already pending. Despite our warning, Klein proceeded to prosecute it in the district court. After he lost, in a decision recognizing that it represented the sort of claims we had told Klein he must stop pursuing, see *Klein v. Novoselsky*, 2018 U.S. Dist. LEXIS 136071 (N.D. Ill. Aug. 13, 2018), Klein filed two appeals. Four days before his brief was due, he filed a motion asking us to vacate the district court's decision and remand with instructions to dismiss without prejudice for lack of complete diversity of citizenship. His evident goal was to pursue the same claims elsewhere.

We denied that motion, though without prejudice to renewal if the district court issued an indicative ruling under Circuit Rule 57. (We need the district judge's views because the jurisdictional status of the suit is not pellucid.) We also directed Klein to show cause why he should not be penalized for continuing his campaign of litigation in federal court after March 9, 2018, when *Klein v. O'Brien* told him that it must cease immediately.

He responded to that order with a contention that, because many people have wronged him (and continue to fight in state court about the allocation of attorneys' fees from the tort judgment), he is a victim entitled to relief. He also asserted that he should not be sanctioned because he had not filed any new federal suits after our decision. But he did not: (a) dismiss his appeals; (b) file his brief; (c) ask for an extension of time to file his brief; or (d) ask the district court for an indicative ruling under Circuit Rule 57.

Other parties and lawyers have filed motions for sanctions, observing among other things that Klein indeed commenced new federal litigation after March 9, 2018. Klein has opposed these motions. He also adds that his new suit should be ignored, for the purpose of sanctions, because he dismissed it on December 26, 2018. Klein's further filings indicate that he still believes himself aggrieved about

many matters and entitled to continue litigating (as a plaintiff or intervenor) about matters related to or arising from the 2002 accident.

It is evident from these events that Klein is unwilling, or unable, to desist from commencing or pursuing further accident-related litigation in federal court. Appropriate sanctions under Fed. R. App. P. 38 are essential to bring this campaign to a close. We now make these orders.

1. Appeals No. 18-2977 and 18-3337 are dismissed for want of prosecution. After we entered our order of December 13, 2018, Klein neither asked the district judge for an indicative ruling nor asked us for an extension of time to file his brief. That brief has been due since December 10, 2018, and remains delinquent. Klein has not been diligent in appellate litigation, and it would be unwarranted to require the appellees to bear the legal fees of responding to a belated appellate brief in a case that is at best substantively frivolous and at worst both frivolous *and* outside federal jurisdiction. Because the appeals are being dismissed, the district court's decision stands as the final disposition of *Klein v. Novoselsky.*

2. As a sanction for continuing to litigate these claims after March 9, 2018, the date of our decision in *Klein v. O'Brien,* Klein must reimburse defendants in *Klein v. Novoselsky* and any other suit he filed in federal court (including the one dismissed last month) for any attorneys' fees they have incurred, in the district court or this court, after that date. Klein also must pay a penalty of $1,000.

3. Defendants have 14 days to file statements of the attorneys' fees and costs reasonably incurred in dealing with Klein's federal litigation after March 9, 2018. Klein will have 14 days to respond to those statements.

4. If Klein does not pay these awards within 14 days of their entry, we will enter an order under *Support Systems International, Inc. v. Mack,* 45 F.3d 185 (7th Cir. 1995), suspending his right to litigate in the courts of this circuit until full payment has been made.

# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT

Everett McKinley Dirksen United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604



Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

## FINAL JUDGMENT

January 22, 2019

Before:

DIANE P. WOOD, *Chief Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

|  | TIBERIU KLEIN,<br>Plaintiff - Appellant |
|---|---|
| Nos. 18-2977, 18-3337 | v. |
|  | DAVID A. NOVOSELSKY, et al.,<br>Defendants - Appellees |

| **Originating Case Information:** |
|---|
| District Court No: 1:17-cv-07177<br>Northern District of Illinois, Eastern Division<br>District Judge Edmond E. Chang |

Appeals No. 18-2977 and 18-3337 are **DISMISSED**, with costs, for want of prosecution. After we entered our order of December 13, 2018, Klein neither asked the district judge for an indicative ruling nor asked us for an extension of time to file his brief. That brief has been due since December 10, 2018, and remains delinquent. Klein has not been diligent in appellate litigation, and it would be unwarranted to require the appellees to bear the legal fees of responding to a belated appellate brief in a case that is at best substantively frivolous and at worst both frivolous *and* outside federal jurisdiction. Because the appeals are being dismissed, the district court's decision stands as the final disposition of *Klein v. Novoselsky*. As a sanction for continuing to litigate these claims after March 9, 2018, the date of our decision in *Klein v. O'Brien*, Klein must

reimburse defendants in *Klein v. Novoselsky* and any other suit he filed in federal court (including the one dismissed last month) for any attorneys' fees they have incurred, in the district court or this court, after that date. Klein also must pay a penalty of $1,000. Defendants have 14 days to file statements of the attorneys' fees and costs reasonably incurred in dealing with Klein's federal litigation after March 9, 2018. Klein will have 14 days to respond to those statements. If Klein does not pay these awards within 14 days of their entry, we will enter an order under *Support Systems International, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995), suspending his right to litigate in the courts of this circuit until full payment has been made. The above is in accordance with the decision of this court entered on this date.

form name: **c7_FinalJudgment**(form ID: **132**)

# EXHIBIT 6

# United States Court of Appeals

For the Seventh Circuit

Chicago, Illinois 60604

February 22, 2019

### Before

DIANE P. WOOD, *Chief Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

| | |
|---|---|
| Nos. 18-2977 & 18-3337 | Appeals from the United States District Court for the Northern District of Illinois, Eastern Division. |
| TIBERIU KLEIN, *Plaintiff-Appellant*, | |
| *v.* | No. 17 C 7177 |
| DAVID A. NOVOSELSKY, *et al.*, *Defendants-Appellees.* | Edmond E. Chang, *Judge*. |

### Order

Defendants in two of Tiberiu Klein's suits have responded to our order of January 22, 2019, by documenting the attorneys' fees they incurred in resisting his litigation after March 9, 2018. Klein has replied.

In his response to Adam Powers's request, Klein presents some arguments that he contends apply to all four requests. He asserts that our order of January 22 was mistaken—that he has done nothing sanctionable and that at all events the attorneys' fees must be limited drastically.

One of his arguments is that, because his suits name defendants who are not completely diverse from him, so that they do not come within federal subject-matter jurisdiction under 28 U.S.C. §1332, a federal court lacks the authority to award sanctions on the ground that the claims are substantively frivolous or vexatious. Whether there was jurisdiction is not a subject we have resolved (the order of January 22 dismissed Klein's appeals for want of prosecution) and not one we need to resolve now. *Willy v. Coastal Corp.*, 503 U.S. 131 (1992), holds that a federal court may award sanctions under Fed. R. Civ. P. 11 even if it lacked subject-matter jurisdiction. That holding applies to other grounds of sanctions as well. Filing a federal suit in the absence of subject-matter jurisdiction (which is how Klein now describes his litigation) is an example of abuse of process. It is a reason to award sanctions, not a prohibition on the award.

His other principal argument is that *Manuel v. Joliet*, 137 S. Ct. 911 (2017), and later decisions in this circuit, establish that his suits are not frivolous. Yet this argument is itself frivolous. *Manuel* holds that police and other public officials violate the Fourth Amendment by holding a person, pending trial, in the absence of probable cause. None of the defendants in Klein's suits is a police officer (or indeed any kind of state actor), and none is alleged to have arrested or detained him without probable cause. (This line of argument also is incompatible with the contention that the courts lacked subject-matter jurisdiction. A bona fide claim based on *Manuel* comes within the federal-question jurisdiction of 28 U.S.C. §1331.)

Klein has not given us any reason to revise our conclusion of January 22 that his frivolous litigation, which continued after our statement that it must stop immediately, entitles the defendants to be reimbursed for the attorneys' fees they incurred after March 9, 2018.

Only brief comments are needed to address Klein's responses to the four petitions for fees. Klein asserts that MB Financial Bank and Greyhound Lines are limited to the expenses incurred in moving to dismiss his suits for lack of jurisdiction. That argument is inconsistent with *Willy* and with the practicalities of litigation, which oblige defendants to address the merits even if they hope that the judge will eventually dismiss on jurisdictional grounds. Klein litigated the merits vigorously in district court; only on appeal did he assert that the district court never had jurisdiction. The defendants had to respond in kind.

Klein contends that Daniel O'Brien and his law firm should be compensated for less than they seek because they did not spend even *more* time than they seek compensation for. Not to have done more to have his suits dismissed, Klein insists, acquiesced in them. The argument is another example of Klein's frivolous contentions. Economizing in the face of a frivolous suit is not the sort of conduct that a federal court should deter.

Finally, Klein opposes Adam Powers's request because Klein dismissed his suit against Powers (a suit filed after we told Klein that he must stop filing and litigating these suits) before Powers's lawyer filed an appearance. But he does not deny that Powers was required to engage counsel, who needed to spend some time determining how best to proceed. Powers's request to be compensated for 12 hours of legal time is reasonable.

Other arguments have been considered but do not require discussion.

We now make the following orders:

1. Klein must pay a $1,000 penalty to the Clerk of Court
2. Klein must pay $2,940 to Adam Powers
3. Klein must pay $5,687.50 to Daniel O'Brien and his law firm (Winters Salzetta O'Brien & Richardson, LLC)
4. Klein must pay $27,554.50 to MB Financial Bank, N.A.
5. Klein must pay $15,386.50 to Greyhound Lines, Inc.

If these sums are not paid within 14 days, the court will enter an order under *Support Systems International, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995), suspending his right to litigate in the courts of this circuit until full payment has been made.

Klein must understand that these orders are enforceable as a judgment, which may be collected through the usual means (attachment of bank accounts, garnishment of wages, execution against real property) whether or not he pays of his own accord.

# UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

TIBERIU KLEIN,
    Plaintiff,

v.

DAVID A. NOVOSELSKY,
a Wisconsin resident;
GREYHOUND LINES, INC. and
MB FINANCIAL, N.A., a Maryland
corporation,

Case No. 17 cv 7177

Hon. Judge Edmond E. Chang

Diversity Jurisdiction
Jury Demand Requested
In Excess of $75,000 exclusive of
interest and costs

## NOTICE OF FILING

PLEASE TAKE NOTICE that on March 8th , 2019 the Plaintiff, Tiberiu Klein, filed with the Clerk Of District Court located at the Dirksen Building at 219 S. Dearborn Street, Chicago, Illinois the Plaintiff "**Motion Pursuant To F.R.C.P 60(b) To Vacate Judgment And Order Doc. 138, Doc. 139 Ad Dismiss Case For Lack Of Federal And Diversity Jurisdiction**" a copy of which is attached hereto and herewith served on to you.

By: Plaintiff
Tiberiu Klein-pro-se
11840 Covey Lane, Huntley IL-60142
(312) 806 8475

## CERTIFICATE OF SERVICE

I, the undersigned respectfully state that I served a copy of the said Motion and Notice to the Defendants attorneys at the service provided in the service list, by depositing a copy with the US Postal Service with proper postage on March 9th , 2019, before 5:00 p.m.

Tiberiu Klein